## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:**

TODD CARTWRIGHT,

    Plaintiff,

v.

COAST PROFESSIONAL, INC., a California corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff, Todd Cartwright, is a natural person who resides in the City of Colorado Springs, County of El Paso, State of Colorado.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Coast Professional, Inc. is a California corporation and a collection agency operating from an address at 14742 Newport Avenue, Suite 108, Tustin, California, 92780.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

9. Sometime before December 2002 the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal account owed to Regis University (hereinafter the "Account").

10. Due to circumstances beyond the Plaintiff's control the Account was not paid by the Plaintiff and it went into default with the creditor.

11. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

12. On or about August 2006 through March 2007 the Plaintiff received phone calls and voicemail messages from representatives, employees and / or agents of the Defendant who were attempting to collect the Account from the Plaintiff. These phone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA §1692a(2).

13. During the phone calls on or about August 2006 through March 2007 representatives, employees and / or agents of the Defendant repeatedly falsely threatened to sue the Plaintiff while attempting to collect the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(5), e(10) and 1692f preface.

14. During the phone calls on or about August 2006 through March 2007 representatives, employees and / or agents of the Defendant repeatedly called the Plaintiff attempting to collect the Account after the Plaintiff gave them the name and phone number of the attorney representing him on the Account and explained that the Account had been discharged in bankruptcy. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(4), e(5), e(10), 1692f preface and f(1).

15. During the phone calls on or about August 2006 representatives, employees and / or agents of the Defendant called the Plaintiff multiple times a day to annoy, abuse and harass the Plaintiff while attempting to collect the Account including calling the Plaintiff back as soon as the Plaintiff hung up the phone on them. The Defendant called the Plaintiff at 8:10 am, 8:11 am and 8:15 am Mountain Standard Time on August 26, 2006. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(5), 1692e preface, e(10) and 1692f preface.

16. The Defendant has not filed any legal action(s) against the Plaintiff.

17. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

18. The Defendant and its representatives, employees and / or agents above listed statements constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(a)(2).

19. The Defendant and its representatives, employees and / or agents above listed statements constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(2) and d(5).

20. The Defendant and its representatives, employees and / or agents above listed statements constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), e(3), e(5), e(7) and e(10).

21. The Defendant and its representatives, employees and / or agents above listed statements involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(1).

22. The Defendant's actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying his alleged debt.

23. The Defendant's actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

24. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## RESPONDEAT SUPERIOR

25. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

26. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

27. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

28. The previous paragraphs are incorporated into this Count as if set forth in full.

29. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692c(a)(2), 1692d preface, d(2), d(5), § 1692e preface, e(2)(A), e(3), e(5), e(7), e(10), 1692f preface and f(1).

30. The Defendant's violations are multiple, willful and intentional.

31. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
Attorney for the Plaintiff
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006

Address of the Plaintiff:
6810 Sproul Lane
Colorado Springs, CO 80918